# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Roanoke Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v.  ) | **Case No. 7:25-CR-018-EKD** |
| ) | |
| **KEVIN SHANE BRADBURY,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO CONTINUE JURY TRIAL

COMES NOW Kevin Shane Bradbury, by counsel Nia Ayanna Vidal, and files this response opposing the government's motion to continue the jury trial filed on December 16, 2025. ECF No. 42. Mr. Bradbury opposes this motion for the following reasons:

1. On June 12, 2025, a federal grand jury returned a three-count indictment against Mr. Bradbury charging him with three counts of distribution of a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). ECF No. 3. Mr. Bradbury was arrested pursuant to a warrant on June 17, 2025. He made his initial appearance before this court the same day where he was arraigned on the indictment. The trial date was then scheduled for August 19, 2025. ECF No. 11. The detention hearing was held on June 30, 2025, and he was ordered detained pending trial. ECF Nos. 28, 31.

2. The parties filed a joint motion to continue, pursuant to 18 U.S.C. § 3161(h)(7) on July 22, 2025. ECF No. 33. The dual purpose of this motion was to provide the defense with more time to prepare for trial, and because one of the government's witnesses was unavailable. Importantly, Mr. Bradbury did not waive his constitutional right to a speedy trial but agreed through counsel that if this continuance was granted, any delay from the new trial date would be excludable time.

1

3.      This court granted the joint motion to continue on July 25, 2025. ECF No. 34. While the basis of the motion was due to both the defense needing additional time to prepare for trial and the unavailability of a government witness, the court granted the motion on the basis of the defendant needing additional time to prepare for trial. The trial was continued to January 13-15, 2026, and this court ordered that the time period from August 19, 2025 to January 13, 2026 would be excluded from the speedy trial calculation.

4.      Prior to the court scheduling this new trial date, the parties conferred with the deputy clerk regarding their availability. In one of the emails regarding rescheduling the trial date, the government wrote, "One of the lab analysts has a conflict with the October date as well as the November date, and so the government asks for any of the January dates." Therefore, a continuance of five months has been given to account for the unavailability of one of the lab analysts, who was not available in October or November. This is the same analyst who is the subject of the government's motion.

5.      While this analyst may be necessary to prove one of the three pending counts against Mr. Bradbury, he has the right to a speedy trial. *See United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 2005) ("The Sixth Amendment provides that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."). Whether Mr. Bradbury's right to a speedy trial is implicated depends on the following four factors: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the extent of prejudice to the defendant." *United States v. Thomas*, 305 F. App'x 960, 963 (4th Cir. 2009) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

6.      Mr. Bradbury has been held in custody for six months awaiting trial, which had been continued once at his request, but scheduled five months later at the government's request due to the analyst's unavailability. Now the government requests another continuance due to the

2

analyst's continued unavailability until an unspecified date in February, meaning that the trial date would be set in March 2026 at the earliest. This will result in an approximate 7-month delay from the original speedy trial deadline in August 2025. The fact that Mr. Bradbury is being held in pretrial detention is a significant consideration as well, as he is presumed innocent of the pending charges. *See* 18 U.S.C. § 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence.").

The first continuance of the trial was sought due to the unavailability of the analyst. The five-month delay in rescheduling the trial was to accommodate that witness. Now, the government seeks another continuance due to the unavailability of the same witness. Under these circumstances, Mr. Bradbury's constitutional right to a speedy trial will be compromised by another continuance for a witness that was purportedly available in January 2026, especially given the fact that he remains in pretrial detention.

WHEREFORE, Mr. Bradbury requests that this court deny the government's motion to continue the jury trial.

                                              Respectfully submitted,
                                              KEVIN SHANE BRADBURY

                                              By:    /s/
                                                                   Counsel

Nia Ayanna Vidal, Esq.
Supervisory Assistant Federal Public Defender
Virginia Bar Number 48871
Attorney for Mr. Bradbury
Office of the Federal Public Defender
210 First Street, SW, Suite 400
Roanoke, VA 24011
Telephone: (540) 777-0898
Fax: (540) 777-0890
Email: Nia_Vidal@fd.org