CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VIRGINIA
**FILED**

April 29, 2026

Laura A. Austin, Clerk
By: s/ *Kelly Anglim*
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 7:25-cr-00018 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| KEVIN SHANE BRADBURY | ) | Chief United States District Judge |

## **JURY INSTRUCTIONS**

# GENERAL INSTRUCTIONS

## JURY INSTRUCTION NO. 1

Ladies and gentlemen of the jury, you have now heard all the evidence in the case and the closing arguments from the attorneys.  It is my duty now to instruct you on the law you must apply in reaching your verdict.  The instructions I gave you at the beginning of the trial and during the trial remain in effect.  I'm going to give you some additional instructions now.  Soon you will leave the courtroom to begin your deliberations.  I will also send a written copy of these instructions with you, so you do not need to take notes as I read these.

It is important that you listen carefully to these instructions because it is your duty to follow the law as I give it to you.  Counsel referred to some of the applicable rules of law in their closing arguments to you.  But if there is any difference between the law as stated by counsel and that stated by the court in these instructions, you must follow the instructions given to you by the court.  You must follow the law as I explain it—even if you do not agree with the law or think it should be different—and you must follow all of my instructions as a whole.  You must not single out one or a few of these instructions or disregard any of them.

While I will inform you as to the law, you—the jury—are the judges of the facts.  It will be your duty to apply the law to the facts as you find them.  You should not assume from anything I say in these instructions, or from any rulings or

statements I have made, or from any questions I have asked during the trial, that I have any opinion about the facts of the case.

Also, do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

**JURY INSTRUCTION NO. 2**

This case involves charges that are contained in an indictment against the defendant, Kevin Shane Bradbury, who I may call Mr. Bradbury or the defendant. Mr. Bradbury is charged in three counts, which the court will address specifically after giving you more general instructions.

Mr. Bradbury contends that he is not guilty of the offenses alleged in the indictment, which charges him with distribution and possession of methamphetamine with the intent to distribute it on December 3, 2024, December 11, 2024, or December 18, 2024.

The fact that Mr. Bradbury is charged with multiple offenses is not evidence of guilt and should not influence your decision in any way. Further, a separate crime is alleged against the defendant in each count of the indictment. You must separately consider the evidence that relates to each alleged offense, and you must return a separate verdict for each alleged offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that Mr. Bradbury is guilty of that particular offense.

# JURY INSTRUCTION NO. 3

There are three important rules that you must always keep in mind in a criminal case. These are: (1) the defendant's presumption of innocence, (2) the government's burden of proof in establishing the defendant's guilt, and (3) the government's burden to establish guilt beyond a reasonable doubt. The indictment is merely the formal way of accusing a person of a crime to bring that person to trial. You must not consider the indictment as evidence of any kind—you may not consider it as evidence of Mr. Bradbury's guilt or draw any inference of guilt from it.

A defendant in a criminal case is presumed to be innocent. Mr. Bradbury began the trial with a clean slate, with no evidence against him. The presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The presumption of innocence alone is sufficient to find Mr. Bradbury not guilty unless all of you are satisfied beyond a reasonable doubt of his guilt from all the evidence admitted in the case.

The presumption of innocence also means that Mr. Bradbury has no burden or obligation to present any evidence at all or to prove that he is not guilty. As I have said, the government always has the burden of proving the defendant's guilt beyond a reasonable doubt. It never shifts to the defendant. Mr. Bradbury has the

5

right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

Some of you may have served as jurors in civil cases or heard of the standard in civil cases where you were told that it was only necessary to prove that a fact is more likely true than not. In criminal cases, the government's proof must be more powerful than that; it must be beyond a reasonable doubt.

**JURY INSTRUCTION NO. 4**

If you find that the government has proved beyond a reasonable doubt every element of an offense with which Mr. Bradbury is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any single element of an offense beyond a reasonable doubt, you must find Mr. Bradbury not guilty of that offense.

## JURY INSTRUCTION NO. 5

Mr. Bradbury chose not to testify in this case. A defendant has an absolute constitutional right not to testify. You must not attach any significance to the fact that Mr. Bradbury did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that Mr. Bradbury did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

**JURY INSTRUCTION NO. 6**

You are to perform the duty of finding the facts without bias or prejudice as to any party. The fact that this prosecution is brought in the name of the United States of America entitles the government to no greater consideration—and no less consideration—than that given to any other party to a case. All parties—whether the government or an individual, like Mr. Bradbury—stand as equals before the court.

**JURY INSTRUCTION NO. 7**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. Mr. Bradbury is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial in this case.

If you find Mr. Bradbury guilty of any of the crimes charged in the indictment, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt. You should not try to guess what the punishment might be. It simply should not enter into your consideration or discussions at any time.

# JURY INSTRUCTION NO. 8

During the course of the trial, you received all the evidence you may properly consider in deciding the case.  Your decisions in the case must be made solely on the evidence presented at the trial.  You should consider all the evidence that was presented to you.

The evidence in this case includes witness testimony, as well as documents and other items that have been admitted as exhibits.  Certain things are not evidence and should not be considered by you.  These include the following:

1. Statements (including opening statements), arguments (including closing arguments), questions, and comments by the lawyers are not evidence.  If what a lawyer says, or a question the lawyer asks, is different from the evidence, the evidence is what matters and not what the lawyer said or asked.

2. Objections are not evidence.

3. Testimony or exhibits that the court has excluded or told you to disregard are not evidence.

11

4.     Anything you saw or heard about this case outside the courtroom is

not evidence.

There are two types of evidence that you may consider.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect, also called circumstantial evidence.  Circumstantial evidence is proof of a chain of facts and circumstances tending to prove or disprove a fact.  For example, if a witness testifies that she saw it snowing overnight, that would be direct evidence of that fact.  If a witness testified that when she went to bed, she saw no snow on the ground, but when she woke up in the morning, there was snow on the ground, that would be circumstantial evidence that it snowed overnight.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the government present evidence—either direct or circumstantial—that proves its case against Mr. Bradbury beyond a reasonable doubt.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions.

# JURY INSTRUCTION NO. 9

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards. At times during the trial, the lawyers made objections to questions or to answers by witnesses. It is the attorney's duty to object when the other side offers evidence or testimony that the objecting attorney believes is not properly admissible under the rules of law. By objecting, the lawyers were requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from the number of objections by one party or the other. You should not be influenced against an attorney or his or her client because the attorney has made an objection.

You also should not draw any conclusion from my rulings on the objections. My rulings related only to the legal questions I had to determine. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what answer might have been given had I allowed the question to be answered. Similarly, when I told you not to consider a particular statement, you were told to put that statement out of your mind, and you may not refer to that statement in your deliberations.

Likewise, on occasion during the trial, I instructed you that evidence was only admitted for a particular purpose and not generally for all purposes. Where I have told you that you can consider a piece of evidence for a limited purpose only,

you should consider it only for that limited purpose, and for that purpose, you may

give it such weight as you feel it deserves.

# JURY INSTRUCTION NO. 10

The decision you reach in the jury room, whether guilty or not guilty, must be unanimous as to each offense.  You must all agree.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

# JURY INSTRUCTION NO. 11

The evidence in the case before you has consisted in part of testimony from witnesses. You may believe all of what any witness said, or only part of it, or none of it. You are the sole judges of the credibility of the witnesses and the weight of the evidence.

If any reference by the court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection that should control during your deliberations and not the statements of the court or of counsel.

If facts testified to by a witness or witnesses does not make you believe it is likely true, then you are not bound to credit those facts. The test is not which side brings the greater number of witnesses or presents the greater quantity of evidence; but which witnesses, and which evidence, you believe are sufficient, if at all, to prove the case. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if, after considering all the other evidence, you believe that single witness.

In considering the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. Instead, you may rely upon your own experience to draw reasonable inferences from facts you find have been proved.

In determining whether you believe any given witness, you should carefully evaluate all the testimony given, the circumstances under which each witness testified, and all of the other evidence that tends to show whether a witness is worthy of belief. You may consider each witness' intelligence, motive to falsify, state of mind, demeanor, and manner while on the stand. You may consider the witness' ability to observe the matters of his or her testimony and whether the witness seems to have an accurate recollection of these matters. You may also consider his or her interest in the outcome of the case, any bias or prejudice, and the extent to which, if any at all, each witness is either supported or contradicted by other evidence in the case. In evaluating credibility, you may call upon your own experience and background as to what makes a person's statement reliable or unreliable.

In considering the testimony of witnesses, you may consider whether there was evidence tending to prove that the witness testified falsely concerning some important fact. The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements that are different than or inconsistent with his or her testimony here in court. If the earlier statements were made somewhere other than under oath at a trial, hearing, or other proceeding, they are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of the earlier statements. It is the province of

the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you should consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and whether it has to do with an important factor or with only an unimportant detail.

# JURY INSTRUCTION NO. 12

It is proper for a witness to prepare for testimony in advance of trial and for attorneys to interview and/or prepare witnesses in advance of trial.

**JURY INSTRUCTION NO. 13**

You have heard the testimony of law enforcement officers. The fact that a witness is employed by the federal, state, or local government as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. Also, it is legitimate for the defense to question the credibility of a law enforcement witness, just like any other witness, on any ground that could affect his or her credibility.

Just as with any witness, you must decide, after reviewing all the evidence, whether you believe the testimony of any law enforcement witness and how much weight, if any, it deserves.

**JURY INSTRUCTION NO. 14**

You have heard from people described as expert witnesses.  Under the law, a person who, by knowledge, skill, training, education, or experience, has become an expert in some field may state his or her opinions on matters in that field and may also state the reasons for his or her opinion.

Expert testimony should be considered just like any other testimony.  You may accept or reject it, and you may give it as much or little weight as you think it deserves, considering the witness's knowledge, skill, training, education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all other evidence in the case.

Merely because an expert witness has expressed an opinion does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

# JURY INSTRUCTION NO. 15

You have heard testimony from a cooperating witness who acted as an informant for the government.

In considering this testimony, you may take into account that:

1. The witness provided information or assistance to the government in connection with its investigation of this case.

2. The witness may have an agreement or understanding with the government.

3. The witness may have received, or may hope to receive, benefits from the government, such as money, favorable treatment in a criminal case, leniency, or other advantages, in exchange for providing information or testifying.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of the witness with particular caution. The witness may have had reason to make up stories or exaggerate what others did because the witness wanted to help himself or herself.

You must determine whether the testimony of the witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits the witness has received from the government as a result of cooperating.

After considering all of the evidence, you may give the testimony of the cooperating witness whatever weight you think it deserves.  You may accept it or reject it, in whole or in part.

**JURY INSTRUCTION NO. 16**

During the trial, items were received into evidence as exhibits.  These exhibits, or photographs of the exhibits, will be available in the jury room through an electronic system.  The clerk will explain this system to you before you begin your deliberations.  Examine the exhibits if you think it would help you in your deliberations.

In addition, physical evidence of the alleged controlled substances was introduced during the trial.  These materials are securely stored in plastic bags within a storage container.  If you wish to examine this evidence, please notify the Court Security Officer, who will arrange for the appropriate personnel to deliver the storage container to you.

**JURY INSTRUCTION NO. 17**

You have heard evidence that the defendant made certain statements that the government contends relate to the offenses charged in the indictment.

It is for you to decide whether the defendant actually made any such statement, and, if so, what exactly he said and how much weight, if any, to give any such statement. In making this decision, you should consider all of the circumstances under which any statement was made, including whether it was accurately heard, remembered, or recorded, and any other evidence that may bear on its reliability.

You should consider any such statement together with all the other evidence in the case in deciding whether the government has proved the defendant's guilt beyond a reasonable doubt.

# JURY INSTRUCTION NO. 18

You have heard evidence that Mr. Bradbury committed certain acts which may be similar to acts charged in the indictment. You may not consider this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited purposes, such as the following:

- to prove that the defendant had a motive or the opportunity to commit the crime charged in the indictment;

- to prove that the defendant had the state of mind or the intent necessary to commit the crime charged in the indictment;

- to prove that the defendant acted according to a plan or in preparation to commit the crime charged in the indictment;

- to prove that the defendant knew what he was doing when he committed the crime charged in the indictment;

- to prove the defendant's identity;

- to prove that the defendant did not commit the crime charged in the indictment by mistake or accident.

Do not conclude from this evidence that Mr. Bradbury has bad character in general or that because he may have committed other similar acts that it is more likely that he committed the crime with which he is currently charged.

# JURY INSTRUCTION NO. 19

The defense has raised the issue of defects in the chain of custody of the substances and related items that the government claims were obtained during the controlled purchases in this case.

You may consider any claimed defects in the chain of custody in deciding whether this evidence is authentic and what weight, if any, to give it. The government must prove beyond a reasonable doubt that the items it has offered as evidence of the drugs in this case are the same items that are alleged in the indictment and that were allegedly obtained during the controlled purchases.

# JURY INSTRUCTION NO. 20

The indictment alleges that certain illegal activity happened on or about a certain date. The government need not prove with certainty the exact date of an alleged offense. It is sufficient if the illegal activity happened during a period of time reasonably near the date alleged in the indictment.

**JURY INSTRUCTION NO. 21**

You have heard evidence that one of the government's witnesses was actively using narcotics, and may have been addicted to narcotics, during the time period covered by his testimony. A person addicted to drugs may have a constant need for drugs and for money to buy drugs.

If you are convinced that witness was indeed using narcotics, or was addicted to narcotics, during the time period covered by his testimony, you should consider whether the testimony of that witness has been affected by his narcotics use or addiction. If so, you should weigh and examine that witness's testimony with extra caution and more care than you might afford the testimony of other witnesses.

# JURY INSTRUCTION NO. 22

You have heard testimony from a witness who has been convicted of crimes. You may consider evidence of a witness's prior conviction of a crime only in deciding whether to believe that witness and how much weight to give to the testimony of that witness.

# JURY INSTRUCTION NO. 23

You have heard testimony about the government's failure to use, or decision not to employ, certain investigative techniques.

You may consider this testimony in deciding whether the government has met its burden of proof, because you should look at all of the evidence—or lack of evidence—in deciding whether Mr. Bradbury is guilty or not guilty. However, you are also instructed that there is no legal requirement that the government use any specific investigative technique to prove its case. Likewise, the government is not required to present all possible evidence or to produce all possible witnesses who might have some knowledge about the facts of the case.

Your concern is whether the evidence which was admitted proved Mr. Bradbury's guilt beyond a reasonable doubt.

**JURY INSTRUCTION NO. 24**

For context, the audio recording presented to you came from the defendant's very first legal hearing that took place on June 17, 2025, called the arraignment.

# SPECIFIC OFFENSE INSTRUCTIONS

## JURY INSTRUCTION NO. 25

The Indictment charges Kevin Shane Bradbury with three separate counts of the same crime—Distribution and Possession with the Intent to Distribute Methamphetamine.  Mr. Bradbury has entered a plea of not guilty to all three counts.

You must consider each count separately.

# JURY INSTRUCTION NO. 26

## Count One

Count One of the Indictment alleges that on or about December 3, 2024, in the Western District of Virginia, the defendant, KEVIN SHANE BRADBURY, knowingly and intentionally distributed and possessed with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## Count Two

Count Two of the Indictment alleges that on or about December 11, 2024, in the Western District of Virginia, the defendant, KEVIN SHANE BRADBURY, knowingly and intentionally distributed and possessed with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## Count Three

Count Three of the Indictment alleges that on or about December 18, 2024, in the Western District of Virginia, the defendant, KEVIN SHANE BRADBURY, knowingly and intentionally distributed and possessed with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a

34

Schedule II controlled substance, in violation of Title 21, United States Code,

Sections 841(a)(1) and (b)(1)(C).

# JURY INSTRUCTION NO. 27

## Counts One, Two, and Three
## Statutory Language

Title 21, United States Code, Section 841(a)(1) provides in pertinent part

that:

> ". . .[I]t shall be unlawful for any person knowingly or
>
> intentionally to . . . distribute . . . or possess with intent to
>
> . . . distribute . . . a controlled substance . . . ."

# JURY INSTRUCTION NO. 28

## Counts One, Two, and Three
## Controlled Substance—Methamphetamine

The government is required to prove that the substances distributed or otherwise involved in this case were, in fact, controlled substances. You are instructed that, as a matter of law, methamphetamine is a controlled substance as that term is used in these instructions, in the indictment, and in the statute I just read to you. You must, of course, determine whether the controlled substances in question were, in fact, methamphetamine, and the government is required to prove that beyond a reasonable doubt.

In determining whether the government has satisfied its burden of proof on this element, you may consider lay testimony and any relevant circumstantial evidence. Such circumstantial evidence may include evidence from which you could infer that the material was methamphetamine, such as the physical appearance of the substance involved in the transaction, testimony that a high price was paid in cash for the substance, evidence that transactions involving the substance were carried on with secrecy or deviousness, or such testimony concerning the names used by the defendant to refer to the material.

You are further instructed that you may also consider expert chemical analysis, but such analysis is not necessary for you to conclude that the substances involved in this case were, in fact, controlled substances.

## JURY INSTRUCTION NO. 29

### Counts One, Two, and Three
### Elements of the Offense

Title 21, United States Code, Section 841(a)(1) makes it a crime to distribute methamphetamine or to possess methamphetamine with intent to distribute it. For you to find Mr. Bradbury guilty, the government must prove each of the following beyond a reasonable doubt:

**For Distribution:**

**First**, that Mr. Bradbury distributed the amount of methamphetamine alleged in the indictment;

**Second**, that Mr. Bradbury knew that the substance distributed was a controlled substance under the law at the time of the distribution; and

**Third**, that Mr. Bradbury did so knowingly or intentionally.

**OR**

**For Possession With Intent to Distribute:**

**First**, that Mr. Bradbury possessed the amount of methamphetamine alleged in the indictment;

**Second**, that Mr. Bradbury knew that the substance possessed was a controlled substance under the law at the time of the possession; and

**Third**, that Mr. Bradbury possessed the methamphetamine with the intent to distribute it.

For each of the three counts, the government must prove, beyond a reasonable doubt, all of the elements of **either** distribution **or** possession with intent to distribute in order for you to find Mr. Bradbury guilty on that count.  The government may, but is not required to, prove both.

# JURY INSTRUCTION NO. 30

### Counts One, Two, and Three
### Distribution—*Elements*

As to the **first element**, the word "distribute" means to deliver a controlled substance. Thus, distribution includes a wide range on conduct broader than selling controlled substances and is not limited to just selling controlled substances. The term "deliver" is defined as the actual, constructive, or attempted transfer of a controlled substance from one person to another. Distribution of controlled substances to anyone, including cooperating informants, is proper evidence to determine if a defendant is guilty of the offense.

The government must prove beyond a reasonable doubt that Mr. Bradbury distributed a mixture and substance containing a detectable amount of methamphetamine. In determining whether the substance was methamphetamine, refer to Instruction No. 28.

As to the **second element**, the government must prove beyond a reasonable doubt either that (1) Mr. Bradbury knew that what he distributed was a controlled substance under federal drug laws, even if he did not know which particular controlled substance it was, or (2) Mr. Bradbury knew what he distributed was in fact methamphetamine even if he did not know it was a controlled substance.

As to the **third element**, to act "knowingly" means that Mr. Bradbury was conscious and aware of his action, realized what he was doing or what was

happening around him, and did not act because of ignorance, mistake, or accident. To act "intentionally" means to act deliberately and purposefully. That is, the act must have been the product of Mr. Bradbury's conscious objective rather than the product of a mistake or accident. "Intentionally" does not require that Mr. Bradbury intended to violate the law.

Ordinarily, the intent or knowledge of a person at any given time cannot be proved directly, because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

To find Mr. Bradbury guilty of distribution, the government must prove beyond a reasonable doubt that Mr. Bradbury knowingly or intentionally distributed a mixture and substance containing a detectable amount of methamphetamine.

# JURY INSTRUCTION NO. 31

## Counts One, Two, and Three
## Possession With Intent to Distribute—*Elements*

As to the **first element**, the term "to possess means to exercise control or authority over the item or property, voluntarily and intentionally. Possession may be either sole, by the defendant alone, or joint, that is, it may be shared with other persons, as long as the defendant exercised control or authority over the item or property.

Actual possession is knowingly having direct physical control or authority over the item or property.

The government must prove beyond a reasonable doubt that Mr. Bradbury possessed a mixture and substance containing a detectable amount of methamphetamine. In determining whether the substance was methamphetamine, refer to Instruction No. 28.

As to the **second element**, the government must prove beyond a reasonable doubt either that (1) Mr. Bradbury knew that what he distributed was a controlled substance under federal drug laws, even if he did not know which particular controlled substance it was, or (2) Mr. Bradbury knew what he distributed was in fact methamphetamine even if he did not know it was a controlled substance.

As to the **third element**, the phrase "with intent to distribute" means to have in mind or to plan in some way to deliver or to transfer possession or control over

42

something to someone else.  In determining whether Mr. Bradbury had the intent to distribute you may consider all the facts and circumstances shown by the evidence presented, including Mr. Bradbury's words and actions.  You may also consider, among other things, the quantity of the controlled substance, the manner in which the controlled substance was packaged, where the controlled substance was hidden, or the presence or absence of large amounts of cash or weapons.

To find Mr. Bradbury guilty of possession with intent to distribute, the government must prove beyond a reasonable doubt that Mr. Bradbury intended to distribute a mixture and substance containing a detectable amount of methamphetamine.

# DELIBERATIONS

## JURY INSTRUCTION NO. 32

You will soon return to the jury room to deliberate. There are certain rules you must follow in conducting your deliberations and in returning your verdict.

I shall list those rules for you now.

**First**, when you go to the jury room, you must select one of your members as your foreperson. That person will help guide your discussions and will be your spokesperson here in court.

**Second**, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without sacrificing your individual judgment because the verdict—whether guilty or not guilty—must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Your sole task is to determine whether the government has proved Mr. Bradbury's guilt beyond a reasonable doubt on the criminal charge.

**Third**, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will respond as soon as possible either in writing or by having you return to the courtroom so that I can address you personally. You should not tell anyone—including me or the court security officer—how your vote stands numerically, and any notes should not indicate how your vote stands numerically.

**Fourth**, during your deliberations, you may communicate with the court through a note, as I have just stated. But you must not communicate with or provide any information to anyone else by any means about this case. You may not use any electronic device or media, including cell phones. You may not access—through any means—the Internet, any text or instant messaging service, any chat room, blog, website, or social media application such as Facebook, Instagram, Snapchat, TikTok, LinkedIn, YouTube, or the platform known now as X, Truth Social, or any other social media platform, either to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You can only discuss the case in the jury room with your fellow jurors during deliberations. I also will need you to inform me through a note to the court security officer if you become aware of another juror's violation of these instructions.

The reason why you may not use electronic means to investigate or communicate about the case is because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

**Fifth**, if Mr. Bradbury is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case against Mr. Bradbury beyond a reasonable doubt.

**Sixth**, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict as to the criminal charge—whether guilty or not guilty—must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

**Finally**, the verdict form is simply a written notice of the decisions that you have reached in this case. [EXPLAIN VERDICT FORM]. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the court security officer that you have reached a verdict and are ready to return to the courtroom. Again, your verdict on the criminal charge must be unanimous.

If one of you needs to step out of the jury room for any reason, the deliberations must cease. Deliberations must take place only while all jurors are present.

Do not reveal your verdict until such time as you are discharged, unless otherwise directed by me. After you have reached your verdict, you are not required to talk with anyone about the case unless the court orders otherwise.